UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEONARD BRUMFIELD, JR.                    CIVIL ACTION

VERSUS                                    NUMBER: 05-2536

COCA-COLA ENTERPRISES, INC.               SECTION: "C"(5)

**REPORT AND RECOMMENDATION**

This matter is once again before the Court pursuant to an order from the District Judge re-referring the case to the undersigned for disposition. (Rec. doc. 7).

Since the date of the aforementioned re-referral, defendant has filed an answer to plaintiff's complaint, thus joining issue herein. (Rec. doc. 8). Accordingly, by order dated May 10, 2006, the Court scheduled a preliminary conference to go forward on May 31, 2006 at 2:30 p.m. for the purpose of selecting a trial date and attendant cutoff dates. (Rec. doc. 14). The order scheduling the preliminary conference also ordered the parties to notify the undersigned, no later than five days prior to the conference and in writing, as to whether or not they were willing to proceed to trial before the Magistrate Judge under 28 U.S.C. §636(c). (Id.). A copy of the Court's order scheduling the preliminary conference was

transmitted to plaintiff at the email address she provided. As directed by the Court's order, counsel for defendant dutifully notified the undersigned's office of their client's position with respect to the §636(c) consent issue and confirmed their availability to participate in the preliminary conference via telephone on the designated date and time. The Court, however, received no communication from plaintiff's counsel regarding §636(c) consent. On May 31, 2006 at the designated time, the Court attempted to conduct the preliminary conference as scheduled. While counsel for defendant were available to participate in the conference telephonically, counsel for plaintiff could not be reached at the phone number she previously provided and the Court has received no communications from her explaining her unavailability. Accordingly, by order dated June 2, 2006, the Court ordered plaintiff's counsel to show cause, in writing and on or before June 23, 2006, as to why this lawsuit should not be dismissed.  (Rec. doc. 15).  Despite the passing of the latter date, the Court has heard nothing further from plaintiff's counsel.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d

744, 749 (5th Cir. 1987); <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's order.  <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is represented by counsel in this matter, the Court must consider counsel's action/inaction alone in considering dismissal of this case under Rule 41(b).

Plaintiff in the present case has failed to comply with two separate orders of the Court in three respects:  she failed to advise the undersigned of her client's desire on the §636(c) issue, she failed to make herself available for and to participate in the preliminary conference scheduled for May 31, 2006, and she failed to show cause in writing as to why this lawsuit should not be dismissed.  As plaintiff is represented by counsel, these failures are attributable to counsel alone.  Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequence will result from a failure to object.  Douglass v. United States Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this   28th day of      June      , 2006.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE